IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANDREW R. SPENGLER, §
 §
 Petitioner, §
 §
V. § No. 4:19-CV-085-Y
 §
ERIC D. WILSON, Warden, §
FMC-Fort Worth, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Andrew R. Spengler, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice to filing a civil-rights suit.

I. Factual and Procedural History

Petitioner is serving a total term of 188 months' imprisonment for his convictions in the United States District Court for the Eastern District of Wisconsin for conspiracy against rights of citizens and deprivation of citizens of their rights. (J., United States v. Spengler, Case No. 2:06-cr-00273-CNC-2, ECF No. 203.) By way of this petition, Petitioner claims that certain conditions of his confinement at the prison—overcrowding and inadequate cell space, medical care, and sanitation—violate his constitutional

rights under the Eighth Amendment. (Pet. 2, doc. 1.) He seeks a "sentence credit in order to end his incarceration" and "maximum prerelease placement." (Id. at 7.)

II. Discussion

Although Petitioner characterizes this action as a habeas action under 28 U.S.C. § 2241, this not a habeas action.[1] "Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought[, for federal prisoners,] under [*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Poree v. Collins,* 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted) (involving challenges to conditions of confinement by state prisoner in context of 28 U.S.C. § 2254 and 42 U.S.C. § 1983). Because Petitioner challenges only the conditions of his confinement, his allegations must be pursued under *Bivens. See Klein v. Chandler,* No. 4:13-CV-372-Y, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013). Petitioner's request for sentence credit and/or release to maximum prerelease placement does not convert his civil-rights claims to habeas claims. *See Rios v. Commandant, U.S. Disciplinary Barracks,* 100 Fed. App'x 706, 708

---

[1]The fact that the form § 2241 provides an option concerning "jail or prison conditions," is not determinative of the nature of Petitioner's petition.

2

(10th Cir. 2004) (providing "[i]n our view, a prisoner may not transform a civil rights action involving the conditions of his confinement into a § 2241 petition merely by seeking sentencing relief in a manner not connected to his substantive claims.").

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to filing a civil-rights suit.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,*

529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED August 2, 2019.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE